**Baljit SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–73375.**

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2013.*

Filed April 18, 2013.

Mei F. Chen, Law Office of Mei F. Chen, San Jose, CA, Elias Z. Shamieh, Law Offices of Shamieh and Ternieden, San Francisco, CA, for Petitioner.

OIL, Thankful Townsend Vanderstar, Christina Bechak Parascandola, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Baljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") denial of asylum, withholding of removal, and Convention Against Torture relief. The BIA

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

affirmed the Immigration Judge ("IJ"), who found that Singh was not credible. Singh had failed to provide corroborating evidence, that he should reasonably have been able to obtain, of a complaint allegedly made to the Punjab State Human Rights Commission in India. Under the REAL ID Act, an IJ can require a noncitizen to provide evidence to corroborate testimony unless the noncitizen does not have the evidence and cannot reasonably obtain it. 8 U.S.C. § 1158(b)(1)(B)(ii). We may not reverse an IJ's determination that corroborating evidence is reasonably available unless the record compels a finding to the contrary. 8 U.S.C. § 1252(b)(4).

Singh contends he could not get a copy of his Human Rights Commission complaint because he did not have the complaint number. The record shows, however, that the Commission's website had a search page, where this information could be obtained. Neither Singh nor his counsel used this tool despite the IJ's repeated suggestions to do so. The record therefore supports the IJ's finding that if Singh had filed a complaint, he could reasonably have obtained corroborating evidence of it, but failed to do so.

The petition for review is **DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.